INDIANA HOSPITAL, INC., A Wholly–Owned Subsidiary of Indiana Health Care Corporation, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

International Union of Operating Engineers, Local Union of 95–95A, AFL–CIO ("the Union"), Intervenor.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

INDIANA HOSPITAL, INC., A Wholly–Owned Subsidiary of Indiana Health Care Corporation, Respondent.

Nos. 93–3070, 93–3096.

United States Court of Appeals, Third Circuit.

Argued Sept. 30, 1993.

Decided Nov. 26, 1993.

James B. Brown (argued), Joseph M. McDermott, Jeffrey A. Van Doren, Cohen & Grigsby, Pittsburgh, PA, for petitioner/cross respondent.

Paul J. Spielberg (argued), Aileen A. Armstrong, William A. Baudler, N.L.R.B., Washington, DC, for respondent/cross petitioner.

Michael R. Fanning (argued), Helen L. Morgan, Washington, DC, for intervenor/respondent.

Before: SCIRICA, ALITO, and ALDISERT, Circuit Judges.

### OPINION OF THE COURT

ALITO, Circuit Judge:

The Indiana Hospital, Inc. has petitioned for review of an order of the National Labor Relations Board, and the Board has cross-petitioned for enforcement of its order. The Board held that the hospital had committed an unfair labor practice by refusing to bargain with the union that had been certified, after an election, as the bargaining representative for the hospital's skilled maintenance workers. The hospital's refusal to bargain was based on its belief that the election had been tainted by misconduct on the part of the Board's agents. To substantiate this charge,

the hospital subpoenaed Board officers to provide testimony and documents, but the subpoenas were revoked by the hearing officer, and the Board upheld the revocation on the ground that the hospital had not been prejudiced. Because we cannot accept the Board's conclusion that the hospital was not prejudiced, we grant the hospital's petition for review and deny the Board's cross-petition for enforcement.

## I.

In May 1991, the International Union of Operating Engineers, Local 95-95A, AFL-CIO, petitioned to represent a bargaining unit consisting of Indiana Hospital's skilled maintenance employees. Over the hospital's objections, the Board's Regional Director directed that an election be conducted, and the Board itself subsequently denied the hospital's appeal. In September 1991, the election was held, and the union won by a vote of 17 to 3.

The hospital filed numerous objections, arguing, among other things, that agents of the Board's Regional Office for Region Six had engaged in misconduct during the campaign. Specifically, the hospital alleged:

On or about July 11, 1991, and continuing thereafter, agents of the Pittsburgh Regional Office of the NLRB incorrectly advised eligible voters that unless they were represented by a union, they would not fall within the protection of the National Labor Relations Act ... and that the NLRB thus could not assist them with any discriminatory complaints.

On or about July 11, 1991, and continuing thereafter, agents of the NLRB's Pittsburgh Regional Office incorrectly advised eligible voters that even if the NLRB were able to handle their complaints, the employees would have to retain private counsel, at their own expense, to process their cases.

App. at 47a.

The Regional Director recommended that all of the hospital's objections be overruled without a hearing and that the union be certified as the bargaining representative for the skilled maintenance employees. With re-

spect to the hospital's claim that Board agents had misled employees, the Regional Director stated that the hospital had provided the names of employees who had allegedly spoken with the Board agents, that several employees had been interviewed, and that none had corroborated the hospital's charges. *Id.* at 55a–56a. The hospital appealed, and the Board, while rejecting most of the hospital's objections, concluded that the hospital had raised "substantial issues" concerning the conduct of the Board's agents and that these issues could "best be resolved after a hearing." *Id.* at 84a. The Board therefore remanded the case to the Regional Director for a hearing on those issues.

In preparation for that hearing, the hospital served a subpoena on the Board's custodian of records for Region Six. This subpoena required the custodian to appear at the hearing and produce the following documents:

1. All Information Officer Memoranda prepared by NLRB Region 6 staff members that reflect telephone conversations or visits with employees of Indiana Hospital for the period May 24, 1991 through September 19, 1991.

2. All memoranda or instructions issued to NLRB Region 6 staff members concerning Information Officer duties for the period May 24, 1991 through September 19, 1991.

*Id.* at 315a. Information Officers are Board representatives who are assigned the duty of handling telephone calls and visits from the public. Under Board procedures, information officers are required to complete memoranda containing, among other things, the name and employer of each person who makes an inquiry, the nature of the inquiry, and the advice given. *NLRB Casehandling Manual* §§ 10012.2, .3, .5.

The hospital also served a subpoena upon the Board's Regional Director for Region 6 requiring his appearance at the hearing. The hospital explains that it sought the testimony of the Regional Director in order "to determine what, if any, instructions he had issued to his agents as a result of Indiana Hospital's complaint that employees were receiving grossly inaccurate information from the Region Six Information Officers."

Indiana Hospital Br. at 12. Shortly after serving these subpoenas, the hospital, as required by 29 C.F.R. § 102.118, sent a written request for compliance with the subpoenas to the Board's General Counsel, but the General Counsel never responded.

On the same day when the hospital sent its request to the General Counsel, counsel for the Regional Director filed a petition to revoke the hospital's subpoenas based on the hospital's failure to obtain the General Counsel's consent and on a limited evidentiary privilege applicable to the Board's informal investigation and pretrial preparation process. App. at 336–38a. At the beginning of the hearing on the hospital's objections to the election, the hearing officer granted the petition to revoke. The hearing officer explained that he had done so because "no written consent from the General Counsel ha[d] been received allowing this testimony" and because "the objecting party has responsib[ility] to support its objection with testimony that was presumably available at the time that the objections were filed and going down that road rather than any other road." *Id.* at 99a.

Denied the documents and testimony sought by its subpoenas, the hospital called several of its management officials to testify concerning statements made in their presence by members of the bargaining unit regarding the advice that they had received from the Board's information officers. Dominic Paccapaniccia, the hospital's vice president of personnel services, testified that employees within the unit had been concerned that they would be terminated because of their concerted activities if the union did not win the election. To allay these fears, Paccapaniccia testified, the hospital had distributed a letter advising the employees that the National Labor Relations Act protected employees from discrimination based on union and certain concerted activities. This letter recommended that the employees telephone the Board's Regional Office in Pittsburgh to inquire about the protection afforded by the Act. Paccapaniccia stated that an employee, Dan Provias, told him on the day after the letter was distributed that he had been informed by the Board's regional office that

the employees would have no protection unless they were members of a union. Paccapaniccia also testified that he heard another employee, Will Fetterman, say that a Board agent had given him similar advice.

Another hospital management official, Daniel Severin, also testified that he had heard Fetterman make a similar statement and that several other employees who were present at the time immediately expressed agreement with Fetterman. In addition, Severin stated that another employee, Allen Gray, had said that he had been told by a Board agent that the Board could not help him if he was not a union member and that he would need a privately retained attorney. A third hospital management official, Norman Thiel, corroborated much of Paccapaniccia's and Severin's testimony regarding these matters.

The hospital did not call as witnesses the employees to whom the Board's information officers had allegedly made the false or misleading statements. The hospital states that it did not do so because it knew that these employees had been interviewed by Board agents and had provided statements that contradicted those they had made to the hospital's management officials prior to the election. Indiana Hospital's Br. at 30. Without the evidence sought by the subpoenas, the hospital maintains, it could not have challenged these employees' credibility. *Id.*

Following the hearing, the hearing officer recommended that the hospital's objections be overruled since the hospital had not provided sufficient competent evidence to support them. The hearing officer dismissed the testimony of Paccapannicia, Severin, and Thiel as hearsay and added:

> Because the record is clear that the witnesses who allegedly spoke with representatives of the Regional Office were available to testify at this hearing, I can only conclude that the Employer's failure to present them as witnesses to give testimony regarding those alleged conversations is caused by the fear that their testimony would not support the objection.

App. at 197a.

The hospital appealed to the Board, but the Board adopted the hearing officer's find-

ings and recommendations and certified the union as the bargaining representative. The Board addressed the revocation of the subpoenas in a footnote, which stated in pertinent part:

> The hearing officer faulted the Employer for not calling the employees because they had direct knowledge of the statements the Board agents purportedly made and were available to testify. We agree with this finding. We do not believe the Employer was prejudiced in presenting its case by the hearing officer's revocation of the subpoenas addressed to the Region. We find it unnecessary to address the hearing officer's additional ruling at the hearing that the Employer failed to obtain the General Counsel's written permission.

App. at 241a n. 2.

Unable to seek judicial review of the Board's decision,[1] the hospital refused to recognize or bargain with the union. The Board's General Counsel issued a complaint alleging that the hospital's refusal to bargain violated Section 8(a)(1) and (5) of the NLRA, 29 U.S.C. § 158(a)(1) and (5). The hospital filed an answer defending its refusal on the basis of its previously asserted objections to the election and the certification of the union. The Board took jurisdiction over the proceedings and subsequently granted the General Counsel's motion for summary judgment. The Board issued an order requiring the hospital to bargain with the union on request, to post an appropriate notice, and to cease and desist from interfering with the employees' exercise of their statutory rights. The hospital then filed a petition for review, and the Board filed a cross-petition for enforcement.

## II.

The Board's brief acknowledges that "actions by Board agents that compromise the Board's neutrality may constitute in some cases a basis for setting aside an election." NLRB Br. at 11; *see also NLRB v. ARA Servs. Inc.*, 717 F.2d 57, 68–69 (3d Cir.1983) (in banc); *NLRB v. Fenway Cambridge Motor Hotel*, 601 F.2d 33, 37 (1st Cir.1979). The Board's brief argues, however, that "[h]ere, ... the Hospital failed to present sufficient competent evidence that the conduct on which its objections are premised— alleged misleading statements by Board agents to unit employees regarding the employees' rights under the Act—even occurred." NLRB Br. at 12. In response to the hospital's contention that the revocation of its subpoenas prevented it from obtaining such evidence, the Board's brief contends that "the Hospital could have attempted to prove its objections by calling as witnesses the employees on whom it assertedly relied in filing its objections in the first place." *Id.* at 16. Accordingly, the Board's brief argues, "the Hospital is in no position to claim prejudice merely because it was denied access to the Board's files and officials." *Id.*

We disagree with the Board's conclusion that the hospital was not prejudiced by the revocation of its subpoenas. If those subpoenas had been enforced, the documents and testimony that they sought could have been used by the hospital in at least three significant ways. First, the hospital could have sought to introduce the information officers' memoranda themselves.[2] Second, the hospital, after discovering from those memoranda the identities of the information officers who had received the relevant calls, could have sought to call those officers to testify. Third, the hospital could have used the memoranda

---

1. *See American Federation of Labor v. NLRB*, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940) (holding that certification is not a final order); *Vitek Elec. Inc. v. NLRB*, 763 F.2d 561, 567 n. 10 (3d Cir.1985) (noting that a company may obtain review of a denial of its objections to an election only by refusing to bargain and appealing the resulting unfair labor practice order); *Monmouth Medical Ctr. v. NLRB*, 604 F.2d 820, 823 n. 3 (3d Cir.1979) (same).

2. These memoranda appear to constitute admissions by agents of the Board and thus appear to be admissible under Fed.R.Evid. 801(d)(2)(D). Therefore, it appears that the hearsay rule would not have prevented their admission either at the proceeding under Section 9(c) of the Act, 29 U.S.C. § 151 *et seq.*, where the rules of evidence were not controlling (29 C.F.R. § 102.66(a)) or in the unfair labor proceeding, where these rules were controlling so far as practicable (29 C.F.R. § 102.39).

in examining the employees who made the calls.

The Board reasoned that the hospital could have obtained the same or comparable evidence by calling the employees as witnesses, but that reasoning is flawed no matter what assumption is made about the nature of the testimony those employees would have given. If it is assumed that the employees would have testified that the information officers did not make any false or misleading statements, then the hospital could have used the documents and testimony sought by the subpoenas in all three of the ways outlined above. Conversely, if it is assumed that the employees would have testified that the information officers did make false or misleading statements, the hospital could still have used the documents and testimony sought by its subpoenas in the first two ways noted— i.e., the hospital could have sought to introduce the information officers' memoranda and to call the information officers as witnesses. The information officers' memoranda and testimony might still have been important because the Board might not have been willing to accept the accuracy or veracity of the employees' testimony, which would have been inconsistent with the statements those employees had previously given to the Board's agents. Moreover, it seems to us fundamentally illogical to hold against the hospital on the assumption that the employees, if called as witnesses, would have given testimony supporting the hospital's position.

Accordingly, we reject the Board's conclusion that the hospital was not prejudiced by the revocation of its subpoenas. We note that during the Board proceedings the Regional Director and the hearing officer advanced several other justifications for the revocation of the subpoenas. A decision of the Board, however, " 'stands or falls on its express findings and reasoning.' " *NLRB v. Alan Motor Lines, Inc.*, 937 F.2d 887, 891 (3d Cir.1991) (quoting *NLRB v. Indianapolis Mack Sales & Serv. Inc.*, 802 F.2d 280, 285 (7th Cir.1986)); *see also NLRB v. P*I*E Nationwide, Inc.*, 923 F.2d 506, 518 (7th Cir.1991); *Slaughter v. NLRB*, 794 F.2d 120, 128 (3d Cir.1986). Here, the Board rested its decision solely on the ground that the hospital was not prejudiced, and because we cannot accept that reasoning, we cannot sustain the Board's order.

### III.

For these reasons, we grant the hospital's petition for review, deny the Board's cross-petition for enforcement of its order, and remand this case to the Board for further proceedings.